JOURNAL ENTRY and OPINION
{¶ 1} The court entered a judgment of conviction against defendant James Burkhart on counts of drug trafficking and theft. The charges arose after Burkhart absconded with money given to him in a drug buy without providing the drugs. In this appeal, he challenges the weight and sufficiency of the evidence for both counts.
 I {¶ 2} Burkhart argues that the state failed to present sufficient evidence to show that any controlled substance had been offered, by name, during the drug buy. Hence, he maintains that the court erred by refusing to grant his motion for judgment of acquittal at the close of the state's case.
 {¶ 3} Crim.R. 29(A) permits the court to grant a judgment of acquittal if the evidence is insufficient to sustain a conviction on the charged offenses. We review the court's decision to deny a motion for judgment of acquittal by determining whether reasonable minds could have reached different conclusions as to whether the state had proved each material element of the offense beyond a reasonable doubt. State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus. This requires us to view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 4} A charge of drug trafficking requires the state to prove that the accused knowingly sold or offered to sell a controlled substance. See R.C. 2925.03(A)(1).
 {¶ 5} The state's evidence showed that after receiving a tip from an informant, the Medina County Drug Task Force arranged a drug buy with Burkhart. The informant and an undercover agent met Burkhart at a bar on Brookpark Road in Cleveland and discussed a transaction for one ounce of cocaine. The trio then drove to the home of Burkhart's grandmother. When they arrived at the house, the undercover agent confirmed the price of the drugs, asking "if it was still $1,150 for the ounce." When the state asked, "[a]nd an ounce of what?" the undercover agent replied, "Cocaine, sir." The undercover agent also testified that the purchase price set by Burkhart corresponded to the general street price for one ounce of cocaine. Saying that he wished to go into the house alone Burkhart then took the cash and disappeared with the money.
 {¶ 6} The court did not err by denying the motion for judgment of acquittal because a rational trier of fact could have found this testimony sufficient to establish (1) that by taking money Burkhart offered to sell a controlled substance and (2) cocaine was the subject of the drug sale. By taking the money from the undercover agent, and in light of prior discussions about drugs, Burkhart made an offer to sell a controlled substance. Likewise, the undercover agent's testimony, viewed in a light most favorable to the state, showed that Burkhart set a price for one ounce of cocaine, a controlled substance as defined by R.C.3719.41, Schedule II(A)(4).
 II {¶ 7} Burkhart also argues that his convictions on drug trafficking and theft were against the manifest weight of the evidence.
 {¶ 8} A claim that a judgment of conviction is against the manifest weight of the evidence requires this court to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172,175. We will only reverse a conviction as being against the manifest weight of the evidence only in the exceptional case, because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 9} After reviewing the evidence, we see nothing to give us pause about the quality of the state's evidence concerning the drug trafficking conviction. The undercover agent witnessed the events at first-hand, and his understanding about the cost and amount of drugs to be sold were consistent throughout.
 {¶ 10} We also find no inconsistencies with the weight of the evidence supporting the theft conviction. After taking the money from the undercover agent, Burkhart entered his grandmother's house. The undercover agent and the informant waited for 45 minutes before leaving. They went back to the bar and attempted to call him, but received no answer. They never did hear back from Burkhart, so the state was entitled to the inference that Burkhart intended to take the money and run.
 {¶ 11} Burkhart argues that the evidence could just have easily suggested that he had one week in which to obtain the drugs. Besides there being no evidence in the record to support such an argument, it strikes us as highly dubious. Had it been the case that Burkhart was to take the money and later deliver the drugs, there would have been no reason for the informant and the undercover agent to follow him back to the grandmother's house. Simply put, Burkhart's version of events is unconvincing.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Gallagher, J., concur.